UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DERRICK WASHINGTON,                 )
                                    )
            Petitioner,             )
                                    )
      v.                            )   CIVIL ACTION
                                    )   No. 12-10466-WGY
LUIS S. SPENCER,                    )
                                    )
            Respondent.             )
_____ )

YOUNG, D.J.                                           April 30, 2018

**MEMORANDUM AND ORDER**

I.   **INTRODUCTION**

Petitioner Derrick Washington ("Washington") is a state prisoner who was convicted of murder and a number of accompanying crimes in the Massachusetts Superior Court, sitting in and for the County of Hampden on February 26, 2007. Washington petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting two claims[1] relevant to this proceeding: (1) ineffective assistance of counsel for failing to argue to suppress certain evidence ("claim 1"); and (2) ineffective assistance of counsel for failing to object to

---

[1] Washington's amended petition initially included four claims, 28 U.S.C. § 2254 Pet. Writ Habeas Corpus at 6-11, ECF No. 41, but he later agreed to the dismissal of claims 2 and 3. Pet'r's Reply Resp. Mot. Am. Pet. Writ Habeas Corpus at 13-14, ECF No. 48.

the exclusion of spectators during voir dire ("claim 4").  28 U.S.C. § 2254 Pet. Writ Habeas Corpus ("Pet'r's Pet."), ECF No. 41.  Respondent Luis Spencer ("Spencer") moves to dismiss Washington's petition in its entirety, arguing Washington's petition is time-barred, not eligible for equitable tolling, and is meritless.

For the reasons discussed below, this Court GRANTS Spencer's motion to dismiss.

### A. Procedural History

Washington was convicted of murder and a number of accompanying crimes in the Hampden Superior Court on February 26, 2007.  Resp't's Mem. Supp. Mot. Dismiss, App. Resp't's Mem. Supp. Mot. Dismiss ("App. II") 1-3, 50, ECF No. 27-1.[2]  On March 8, 2007, Washington filed a notice of direct appeal, id. at 6, asserting three claims, Resp't's Mem. Law Supp. Mot. Dismiss, App. ("App. I") 20-21, ECF No. 12-1.  The Supreme Judicial Court affirmed Washington's conviction and denied his first motion for a new trial on March 3, 2011.  App. I at 12.  Washington did not seek certiorari from the Supreme Court.

Washington filed a second and third motion for a new trial on November 21, 2011, App. II at 10-11, and December 13, 2011,

---

[2] Because the appendix spans numerous documents, this memorandum cites to the continuously paginated appendix numbers, rather than the page numbers of the original documents.

id. at 8, 43-44, respectively, both raising the same five claims. On March 7, 2012, Washington filed an initial petition for writ of habeas corpus with this Court. Writ Habeas Corpus 28 U.S.C. 2254 d-1 Mot. Stay & Abeyance, ("Writ Habeas Corpus I"), ECF No. 1. He then filed an amended petition, asserting eight claims. Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, ECF No. 4. In the petition, Washington conceded that claims 4 through 8 had been asserted in state court, but had not been adjudicated. Id. at 7-15. Accordingly, Spencer filed a motion to dismiss for failure to exhaust state court remedies, Resp't's Mot. Dismiss Failure Exhaust State Court Remedies, ECF No. 11, and this Court dismissed the petition in its entirety for presenting both exhausted (claims one through three) and unexhausted (claims four through eight) claims. Order Dismissal, ECF No. 14.

On July 9, 2012, Washington moved to reopen the petition, Mot. Reopen Civil Action 12-10466-WGY ("Mot. Reopen"), ECF No. 15, and this Court denied the motion "without prejudice to its renewal by counsel." Electronic Order, July 11, 2012. On October 29, 2012, Washington filed a motion to reopen the petition and to stay and hold it in abeyance. Mot. Reopen Case & Mot. Stay & Hold in Abeyance 28 U.S.C. § 2254 Pet. Writ Habeas Corpus (II), ECF No. 19. This Court denied the motion, stating: "[o]nce full exhaustion has been achieved, petitioner may

[3]

proceed." Electronic Order, ECF No. 20.

Washington then obtained an attorney, who requested that the Superior Court take no action on Washington's pending motions for new trial, as the attorney intended to file a substitute motion. App. II at 45. The revised motion was filed on February 11, 2014. Id. at 8, 47-49. It asserted only claim four. Id. 47-49. The Superior Court denied the motion by margin order on October 14, 2014 and docketed on October 17, 2014. Id. at 54. Washington then filed for leave to appeal that decision. Id. at 50. This "gatekeeper" appeal was denied on April 10, 2015.[3] Id.

Following this denial, Washington filed a motion to reopen his habeas petition with this Court on October 5, 2016. Mot. Vacate Stay Reopen Habeas Proceedings ("Mot. Vacate"), ECF No. 23. This Court granted that motion on October 12, 2016. Electronic Order, ECF No. 25. Spencer again moved to dismiss the petition in its entirety, Resp't's Mot. Dismiss, ECF No. 26, see Resp't's Mem. Supp. Mot. Dismiss ("Resp't's Mem."), ECF No. 27; Mem. Opposing Mot. Dismiss ("Pet'r's Mem."), ECF No. 30. This Court granted in part and denied in part the Motion to Dismiss on February 27, 2017. Electronic Clerk's Notes, ECF No.

---

[3] In Massachusetts, a "gatekeeper" appeal is an appeal of a "capital case" presented to a single justice of the Supreme Judicial Court. Mass. Gen. Laws ch. 278 § 33E.

[4]

31.  This Court dismissed claims five through eight as unexhausted, and ordered the case administratively closed with the opportunity for either party to reopen once the Supreme Court ruled in Weaver v. Massachusetts.[4]  137 S. Ct. 809 (2017)(granting certiorari); Electronic Clerk's Notes, ECF No. 31.

On July 27, 2017, Washington moved to reopen the case, Mot. Reopen Case and Vacate Stay, ECF No. 33, which this Court allowed on August 16, 2017, in order to consider the case in light of the Weaver holding.  Electronic Order, ECF No. 37.  Washington filed an amended petition on October 19, 2017.  Pet'r's Pet., ECF Nos. 40-41.  Spencer filed a memorandum in opposition to the petition and renewed his motion to dismiss.  Resp't's Supplemental Answer, ECF No. 46; Resp't's Mem. Opp'n Pet. Writ of Habeas Corpus, ECF No. 47.  Washington agreed to dismiss claims two and three.  Pet'r's Reply Resp. Mot. Am. Pet. Writ Habeas Corpus, ("Pet'r's Reply"), ECF No. 48.  The parties fully briefed the issues.  Pet'r's Mem. Opp'n Mot. Dismiss, ("Pet'r's Opp'n I") ECF No. 42; Pet'r's Opp'n Mot. Dismiss. Am.

---

[4] The Supreme Court granted certiorari in Weaver to decide whether, when a defendant's right to public trial is violated, a court must treat the violation as structural error when the unpreserved error is "raised later via an ineffective-assistance-of-counsel claim."  137 S.Ct. 1899, 1902 (2017).

[5]

Pet. Writ of Habeas Corpus, ("Pet'r's Opp'n II") ECF No. 56.[5] This Court heard oral argument on the motions on March 29, 2018, and took the matter under advisement.

**II. ANALYSIS**

The parties ask this Court to decide: (1) whether Washington's claims are time-barred and, if not, (2) whether Washington is entitled to relief. The Court concludes the claims are time-barred. Therefore, this Court GRANTS Spencer's motion to dismiss the petition.

    **A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "Act") allows a person in custody, under certain circumstances, to petition for habeas corpus relief from a state court conviction. 28 U.S.C. § 2254. The petitioner must show that the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

---

[5] Since three of Washington's filings (Pet'r's Mem., Pet'r's Opp'n I, and Pet'r's Opp'n II) are nearly identical, this memorandum will cite primarily to the most recent filing: Pet'r's Opp'n II, for brevity.

"Under Section 2254(d)(1), a federal court may grant habeas relief if the last state court to adjudicate the merits of petitioner's claim employed a legal rule that contradicts the governing law set forth in [Supreme Court] cases." Hyatt v. Gelb, 142 F.Supp.3d 198, 201-02 (D. Mass. 2015). While an error in the state court's decision does not guarantee relief for Washington, this Court may grant relief if the state court's decision included "some increment of incorrectness beyond error . . . great enough to make the decision unreasonable in the independent objective judgment of the federal court." Evans v. Thompson, 465 F. Supp. 2d 62, 67 (D. Mass. 2006)(quoting Norton v. Spencer, 351 F.3d 1, 8 (1st Cir. 2003)), aff'd, 518 F.3d 1 (1st Cir. 2008).

**B.  Motion to Dismiss for Lack of Timeliness**

Spencer argues that Washington's petition ought be dismissed because each claim was untimely. Resp't's Mem. 6. In response, Washington argues that because the initial petition was timely, it does not matter that he filed to reopen the petition late. Pet'r's Opp'n II 7. But, even if the claims are time-barred, Washington argues he is eligible for equitable tolling. Id. at 8. Spencer is correct; each claim is time-barred. Though Washington may have interpreted this Court's admittedly inartful orders to mean his petition was stayed in order to exhaust his state court claims, Washington still waited

nearly fifteen months to reopen his petition following the completion of his state court proceedings. Therefore, the Court GRANTS Spencer's motion to dismiss.

### 1. One Year Limitation Period

Spencer argues that the one year statute of limitations on both of Washington's claims has run. Resp't's Mem. 7. 28 U.S.C. § 2244(d)(1) imposes a one year limitation period on applications for a writ of habeas corpus by persons in state custody. It begins upon the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one year statute of limitations is strictly construed. Dixon v. United States, No. 17-1069, 2018 WL 1747728, at *1 (1st Cir. April 11, 2018)(holding a petition was untimely when it was filed one day late). The statute allows tolling of the one-year

period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

As the Supreme Court noted, tolling the limitation period "promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." Duncan v. Walker, 533 U.S. 167, 179 (2001). Simply because a prisoner files a habeas petition in federal court, however, does not mean the limitations period is tolled. Id. In Duncan, "the District Court dismissed [petitioner's] first federal habeas petition without prejudice, [and petitioner] had more than nine months remaining in the limitation period in which to cure the defects that led to the dismissal." Id. at 181.

The First Circuit has noted that the one-year limit tolls for the ninety-day period from the denial of a petitioner's direct appeal to the end of the period in which the petitioner can seek certiorari from the Supreme Court. Donovan v. Maine, 276 F.3d 87, 91 (1st Cir. 2002). Here, the Supreme Judicial Court affirmed Washington's conviction and denied his first motion for a new trial on March 3, 2011. App. I 12. Washington did not seek certiorari from the Supreme Court. Accordingly,

his one year period to seek federal habeas review began to run ninety days later, on June 1, 2011.

On November 21, 2011 -- 173 days later -- Washington filed a second motion for a new trial in the Superior Court, asserting claims four through eight, App. II 8, 10-11, and tolling the statute of limitations, 28 U.S.C. § 2244(d)(2). He then filed a third motion, asserting the same claims on December 13, 2011. App. II 8, 43-44.

While the one-year time period remained tolled due to Washington's filings in state court, Washington also timely filed his first petition in this Court on March 7, 2012. Writ Habeas Corpus I. This Court dismissed the petition in its entirety, Order of Dismissal, ECF No. 14, and the case was terminated on June 28, 2012. Soon after, Washington filed a motion to reopen the petition. Mot. Reopen. This Court denied the motion to reopen, "without prejudice to its renewal by counsel." Electronic Order, July 11, 2012. As Washington had not yet been appointed counsel to represent him in this Court, Washington filed a subsequent motion to reopen and a motion to stay and hold in abeyance the petition, "to ensure the claims will not be later barred from federal review because of the limitations period." Mot. Reopen & Mot. Stay and Abeyance, ECF No. 19. The Court denied this motion, stating "[o]nce full

his one year period to seek federal habeas review began to run ninety days later, on June 1, 2011.

On November 21, 2011 -- 173 days later -- Washington filed a second motion for a new trial in the Superior Court, asserting claims four through eight, App. II 8, 10-11, and tolling the statute of limitations, 28 U.S.C. § 2244(d)(2). He then filed a third motion, asserting the same claims on December 13, 2011. App. II 8, 43-44.

While the one-year time period remained tolled due to Washington's filings in state court, Washington also timely filed his first petition in this Court on March 7, 2012. Writ Habeas Corpus I. This Court dismissed the petition in its entirety, Order of Dismissal, ECF No. 14, and the case was terminated on June 28, 2012. Soon after, Washington filed a motion to reopen the petition. Mot. Reopen. This Court denied the motion to reopen, "without prejudice to its renewal by counsel." Electronic Order, July 11, 2012. As Washington had not yet been appointed counsel to represent him in this Court, Washington filed a subsequent motion to reopen and a motion to stay and hold in abeyance the petition, "to ensure the claims will not be later barred from federal review because of the limitations period." Mot. Reopen & Mot. Stay and Abeyance, ECF No. 19. The Court denied this motion, stating "[o]nce full

exhaustion has been achieved, petitioner may proceed."
Electronic Order, ECF No. 20.

Also in 2012, Washington was appointed an attorney to represent him in his state court proceedings. App. II at 45. The attorney requested that the Superior Court take no action on Washington's pending motions, as he intended to file a substitute motion. Id. The revised motion was filed on February 11, 2014. Id. at 8, 47-49. In September 2014, Washington sent a letter to this Court alerting it to the fact he was still pursuing his claims in state court. Letter from Derrick Washington, ECF No. 21.

The Superior Court denied Washington's state motion for new trial by margin order on October 14, 2014, which was docketed on October 17, 2014. App. II at 54. Washington then filed for leave to appeal that decision. Id. at 50. This "gatekeeper" appeal was denied on April 10, 2015. Id.

> In Massachusetts, a "gatekeeper" justice's decision pursuant to section 33E, "whether it is to permit or prohibit an appeal, is final and unreviewable." Commonwealth v. Smith, 460 Mass. 318, 322 (2011). Thus, in Massachusetts, the denial of a section 33E motion marks the end of the pendency of an application for post-conviction relief.

Herbert v. Dickhaut, 695 F.3d 105, 108–09 (1st Cir. 2012).

The gatekeeper's denial of Washington's appeal resumed the running of the one year statute of limitations. At this time, Washington had 192 days remaining in the one-year period.

[11]

Washington's counsel was approved to represent him in this Court on September 9, 2015. Pet'r's Opp'n II at 5. In the 192 days following the gatekeeper's denial, Washington and his attorney did not file anything related to this case in state or federal court. Therefore, the one-year period expired on October 19, 2015. Washington filed a motion to reopen in this Court on October 5, 2016, almost fifteen months after the completion of his state court proceedings. Mot. Vacate. At this point, the one-year period had been expired for nearly a full year.

Washington argues that since this Court stated in its denial of the motion to stay and abeyance the petition that "[o]nce full exhaustion has been achieved, petitioner may proceed," Electronic Order, ECF No. 20, he believed he had met the deadline for his habeas petition. Pet'r's Opp'n II at 7. Washington argues this was, in essence, a stay. Id. at 1. Washington's counsel argues he chose not to reopen the petition until a number of cases dealing with courtroom closure worked their way to the Supreme Court, because he believed a holding in Washington's favor would have led to further state court proceedings in this case. Id. at 2-7.

Had the Supreme Court recognized a right so important as to merit retroactivity in Weaver, the one-year period would have begun after the Supreme Court's decision. 28 U.S.C. § 2244(d)(1)(D). Unfortunately for Washington, however, this did

[12]

not happen.  In addition, the Weaver holding did not support Washington's claims for relief.  The Supreme Court held in Weaver that "when the defendant does not preserve a structural error on direct review . . . the defendant must show deficient performance . . . [and] that the attorney's error 'prejudiced the defense.'"  137 S.Ct. at 1910 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).  When a petitioner raises an ineffective assistance of counsel claim on collateral review, the burden is on the defendant to show either that: (1) there was a "reasonable probability of a different outcome"; or (2) that the violation was so severe that the trial was "fundamentally unfair."  Id. at 1911.  In this case, Washington did not preserve the issue, did not show deficient performance or prejudice, and did not meet his burden for collateral review.

Even if Washington believed this Court had issued a stay of his petition, the stay could have been only until "full exhaustion [had] been achieved."  Electronic Order, ECF No. 20. Instead, Washington waited nearly fifteen months after his state claims were exhausted to reopen his petition in this Court.

Since the limitations period ended long before Washington refiled his petition on October 12, 2016, Washington's claims are time-barred.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS ECF No. 54, Spencer's motion to dismiss the petition.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE
